J-A12044-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| BEVERLY DELEON, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ELIZABETH N. WISE, D.O., AND LAKE ERIE OBSTETRICS & GYNECOLOGY ALSO KNOWN AS LAKE ERIE OB/GYN, | |
| Appellee | No. 1764 WDA 2016 |

Appeal from the Judgment Entered November 14, 2016
In the Court of Common Pleas of Erie County
Civil Division at No(s): 11650-2013

BEFORE:  OLSON, SOLANO and RANSOM, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED JULY 14, 2017**

Appellant, Beverly DeLeon, appeals from the November 14, 2016, judgment entered in favor of Dr. Elizabeth N. Wise and Lake Erie Obstetrics & Gynecology also known as Lake Erie OB/GYN (collectively "Defendants"). We affirm.

The factual background and procedural history of this case are as follows.  On June 22, 2011, Appellant received prenatal care from Dr. Wise, a board certified obstetrician and gynecologist ("OB/GYN").  Appellant's Second Amended Complaint, 12/5/13, at 2.  At that time, Appellant was 14 weeks pregnant.  *Id.*  During the appointment, Dr. Wise prescribed Appellant the antibiotic Flagyl to treat an ongoing vaginal infection.  *Id.*  The next day, Appellant took one 500 milligram dose of Flagyl.  *Id.*  Roughly

eight hours later, Appellant began to experience severe abdominal and lower back pain. *Id.* She spoke with Dr. Wise via telephone, who instructed her to discontinue the Flagyl. *Id.* at 3. Appellant's discomfort continued through the next few days, and on June 27, 2011, she suffered a spontaneous miscarriage. *Id.*

On August 14, 2013, Appellant filed a complaint alleging medical malpractice against Defendants. Trial was scheduled to commence November 14, 2016. On May 12, 2015, Appellant filed a pre-trial statement identifying her expert witness as Evan Legenzoff, Pharm.D.[1]

Defendants filed a motion *in limine* seeking to preclude Dr. Legenzoff's testimony. On November 14, 2016, after hearing argument, the trial court granted the motion. Immediately thereafter, Defendants moved for summary judgment. Appellant did not object to the timing of the motion and the trial court granted it. This timely appeal followed.[2]

Appellant presents one issue for our review:

---

[1] Pharm.D. is a doctor of pharmacology.

[2] On November 21, 2016, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) ("concise statement"). On December 12, 2016, Appellant filed her concise statement. On December 13, 2016, the trial court filed a brief 1925(a) opinion in support of the order granting Defendants' motion *in limine* and motion for summary judgment. The opinion stated that the trial court set forth its reasoning on the record during the pretrial hearing in which it granted the motions. Appellant's lone appellate issue was included in her concise statement.

Whether the [trial c]ourt erred in granting [Defendants' m]otion *in [l]imine* thereby disallowing Appellant's expert, a [d]octor of [p]harmacology, to opine on the issues of standard of care/breach of the standard of care and/or factual cause. . .[?]

Appellant's Brief at 2 (emphasis removed).

"Generally, a trial court's decision to grant or deny a motion *in limine* is subject to an evidentiary abuse of discretion standard of review." ***Caitlin v. Hamburg***, 56 A.3d 914, 922 (Pa. Super. 2012) (citation omitted). The motion at issue precluded Appellant's expert from testifying in her medical malpractice suit. This Court previously stated:

Because medical malpractice is a form of negligence, to state a *prima facie* cause of action, a plaintiff must demonstrate the elements of negligence: a duty owed by the physician to the patient, a breach of that duty by the physician, that the breach was the proximate cause of the harm suffered, and the damages suffered were a direct result of harm. With all but the most self-evident medical malpractice actions there is also the added requirement that the plaintiff must provide a medical expert who will testify as to the elements of duty, breach, and causation.

Further, [a]n expert witness proffered by a plaintiff in a medical malpractice action is required to testify to a reasonable degree of medical certainty, that the acts of the physician deviated from good and acceptable medical standards, and that such deviation was the proximate cause of the harm suffered.

***Tillery v. Children's Hospital of Phila.***, 156 A.3d 1233, 1240 (Pa. Super. 2017) (citations and original brackets omitted).

In granting the motion *in limine*, the trial court reasoned that Appellant's expert was not qualified to render an opinion on the standard of care (or breach of the standard of care) for an OB/GYN, as he is a pharmacist. N.T., 11/14/16, at 3. Moreover, the trial court held that Dr.

- 3 -

Legenzoff was not capable of giving a medical opinion on the issue of causation. *Id.* at 4. Appellant argues that this was an error because "a specific finding by the trial court that a medical expert is competent on the basis of education or training or experience relieves the proponent of the additional general requirements that an expert possess an unrestricted physician's license." Appellant's Brief at 4. This argument is without merit.

Pennsylvania's Medical Care Availability and Reduction of Error Act ("MCARE") states that "[n]o person shall be competent to offer an expert medical opinion in a medical professional liability action against a physician unless that person possesses sufficient education, training, knowledge and experience to provide credible, competent testimony and fulfills the additional qualifications set forth in this section as applicable." 40 P.S. § 1303.512(a). In order to testify to standard of care and causation, section 1303.512(b)(1) requires an expert to possess an unrestricted physician's license.

Dr. Legenzoff is not a licensed physician and does not practice medicine in the field of obstetrics and gynecology. In ***Wexler v. Hecht***, 928 A.2d 973 (Pa. 2007), our Supreme Court held that MCARE "unambiguously denotes a medical doctor or osteopath licensed by a state board appropriate to such practices," and that "**there is no provision for waiver**" of the licensed physician requirement regarding standard of care testimony. *Id.* at 132 (emphasis added). Thus, Appellant's argument that Dr. Legenzoff's

training and experience permitted the trial court to waive the licensed physician requirement with respect to standard of care is without merit.

Appellant cites *Kuisis v. Baldwin-Lima-Hamilton Corp.*, 319 A.2d 914 (Pa. 1974), *Dambacher v. Mallis*, 485 A.2d 408 (Pa. Super. 1984), and *Pratt v. Stein*, 444 A.2d 674 (Pa. Super. 1982), in support of her argument that Dr. Legenzoff was qualified to testify as an expert witness in this case. All of these cases, however, were decided prior to the enactment of MCARE. MCARE drastically altered the required qualifications for experts in medical malpractice cases. Dr. Legenzoff does not possess those qualifications.

Appellant argues that any physician she would call as a witness would be rendering an opinion, "predicated on the pharmacological industry and profession as her primary source." Appellant's Brief at 6. Regardless of whether a pharmacological expert is more apt to discuss the risks of a drug to a certain class of patients, MCARE makes clear that such an expert is not qualified to establish the appropriate standard of care for use by an OB/GYN in treating a specific infection. Nor is such an expert qualified to establish a breach of the proper standard of care. Accordingly, we conclude that the trial court did not abuse its discretion in granting Defendants' motion *in limine*.

Finally, to the extent that Appellant argues that the trial court erred in granting Defendants' summary judgment motion because Dr. Wise's

deposition testimony negated the need for Dr. Legenzoff to testify as to the standard of care, that argument is waived. Appellant first introduced the transcript of Dr. Wise's deposition testimony with her concise statement. "An issue raised for the first time in a concise statement is waived." ***Beemac Trucking, LLC v. CNG Concepts, LLC***, 134 A.3d 1055, 1058 (Pa. Super. 2016) (citation omitted). Appellant failed to make this argument to the trial court in opposition to Defendants' summary judgment motion. As such, the argument is waived. ***See*** Pa.R.A.P. 302; Pa.R.C.P. 1035.3. Therefore, the trial court correctly granted Defendants' summary judgment motion.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/14/2017